IN THE UNITED STATES DISCTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARIA DIMATTIO  
f/k/a Maria Corridoni  
155 Rylie Dr.  
Harmony, PA 16037  

    Plaintiff,

v.

DUBOIS REGIONAL MEDICAL  
CENTER d/b/a PENN HIGHLANDS  
DUBOIS  
100 Hospital Avenue  
Dubois, PA 15801  
  and  
PENN HIGHLANDS HEALTHCARE  
100 Hospital Avenue  
Dubois, PA 15801  

    Defendants.

CIVIL ACTION

NO.: 3:21-cv-64

**JURY TRIAL DEMANDED**

## CIVIL ACTION COMPLAINT

Maria DiMattio f/k/a Maria Corridoni (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by DuBois Regional Medical Center d/b/a Penn Highlands DuBois and Penn Highlands Healthcare (*hereinafter* collectively referred to as "Defendants") of Title VII of the Civil Rights Act of 1964, ("Title VII" – 42 U.S.C. §§ 2000d *et. seq.*), the Pregnancy Discrimination Act ("PDA"), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 *et seq.*), and the Pennsylvania Human

Relations Act ("PHRA").[1]  As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.  There lies supplemental jurisdiction over Plaintiff's future state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Western District of Pennsylvania.

5. Plaintiff is proceeding herein under Title VII/the PDA and has properly exhausted her administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue letter under Title VII/PDA.  Plaintiff's PHRA claims however will mirror identically her federal claims under Title VII/PDA.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual with an address as set forth in the caption.

8. DuBois Regional Medical Center d/b/a Penn Highland Dubois, a Pennsylvania non-profit corporation, is a hospital affiliated with the Penn Highlands Healthcare system, with an address set forth in the above caption. Plaintiff was hired through and worked at this address.

9. Penn Highlands Healthcare, a Pennsylvania non-profit corporation, provides residents with access to hospitals, physicians, a nursing home, home care agency and other affiliates, including DuBois Regional Medical Center d/b/a Penn Highlands Dubois, with an address as set forth in the above caption.

10. Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they made be treated as a single and/or joint employer for purposes of the instant action.

11. At all relevant times herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendants.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff is a female.

14. Plaintiff was hired by Defendants in or about February of 2016 to work out of Penn Highlands DuBois hospital located at the above-captioned address

15. Plaintiff was employed by Defendants as a Certified Registered Nurse Anesthetist ("CRNA") in Defendants' Anesthesia Department during her entire tenure.

16. At the time of her termination, Plaintiff was supervised by Chief Anesthetist/Anesthesia Manager, John Syzmanski (*hereinafter* Syzmanski") and Director of Anesthesia, Aaron DeVallance (*hereinafter* "DeVallance").

17. Throughout her employment with Defendants, Plaintiff was a dedicated and hard-working employee who performed her job well.

18. In or about August of 2019, Plaintiff apprised Defendants' management that she was pregnant and would be giving birth in or about March of 2020.

19. In or about March of 2020, Plaintiff commenced a protected medical leave of absence under the FMLA for the birth of her child (*i.e.* maternity leave).

20. Shortly after commencing maternity leave, Plaintiff was informed by Defendants' Human Resources ("HR") on or about April 15, 2020 that she was being permanently laid off allegedly due to the COVID-19 pandemic.

21. Plaintiff believes and avers that the purported reason for her termination is completely pretextual and that she was really terminated because of her gender, pregnancy, and/or use of protected leave under the FMLA – for the reasons discussed *infra*.

22. For example, but not intending to be an exhaustive list:

> i. Plaintiff was a hard working employee who received positive evaluations and was not subject to a history of progressive discipline or negative feedback regarding her performance;

    ii. While employed with Defendants, Defendants' management and other employees favored male employees and were blatantly discriminatory towards women, including but not limited to (1) upon information and belief, all of the Anesthesia Supervisors in Defendants' affiliated hospitals/facilities are male; (2) unlike Plaintiff's male co-workers, Defendants' male management selectively enforced policies against Plaintiff and other female employees; (3) unlike Plaintiff's male co-workers, Defendants' male management and doctors, including but not limited to DeVallance, treated Plaintiff and other female employees in a condescending and demeaning manner;[2] and (4) male employees were given preferential treatment with regard to overtime and schedules over female employees;

    iii. There were a total of four CRNAs (including Plaintiff) who were permanently laid off on or about the same date (April 15, 2020). While other individuals were furloughed during this time, they were (upon information and belief) recalled. All four CRNAs who were laid off permanently on or about April 15, 2020 were female;

    iv. There were multiple male CRNAs with less seniority and experience than Plaintiff who were retained by Defendants;

    v. The other three female CRNAs, who were terminated on the same day as Plaintiff, also have more seniority and experience than male CRNAs who were retained by Defendants;

---

[2] By way of specific example, DeVallance told Plaintiff prior to her first day of physical employment that he had two "bitches" in his department, one being "Denny" [referring to Denise Henery – one of the other female CRNAs who was selected for permanent layoff].

5

      vi. Upon information and belief, no CRNAs retained by Defendants had been on maternity leave or were pregnant during the time period that Defendants decided to terminated Plaintiff's employment;

      vii. Plaintiff was terminated while on a protected medical leave of absence under the FMLA; and

      viii. Following Plaintiff's termination, Defendants advertised for new employees in Plaintiff's exact job description and, upon information and belief, Defendants also hired several locum (temporary contracted employees) at a much higher hourly rate than Plaintiff was compensated while working for Defendants.

23. While Plaintiff was informed that her layoff was allegedly due to the COVID-19 pandemic, Defendants later stated in a position statement submitted to the EEOC that Plaintiff was selected for permanent layoff because she had allegedly confirmed in October of 2019 that she was not going to be returning from maternity leave and would be accepting a job in Pittsburgh, PA; however, this is not true.

24. Plaintiff simply inquired in or about October of 2019 whether she would be required to return from maternity leave for any specific amount of time, as she was ***considering*** moving to Pittsburgh.

25. Plaintiff never submitted a resignation letter or confirmed with anyone that she was moving to Pittsburgh or had accepted a job there.

26. It was Plaintiff's intent to return to work for Defendants following her maternity leave; however, Defendants prevented her from doing so by permanently laying her off.

27. Plaintiff believes and therefore avers that she was terminated because of her gender, pregnancy and/or her request/utilization of FMLA leave.

## COUNT I
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
(Gender Discrimination/Pregnancy Discrimination)
-Against Both Defendants-

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. Plaintiff and three other female CRNA's were abruptly terminated on or about April 15, 2020, for pretextual reasons.

30. Upon Plaintiff's information and belief, there were several other male employees in her same department, with far less seniority, experience, and tenure than Plaintiff, who were retained over Plaintiff (and the aforesaid other female CRNAs).

31. Upon information and belief, no CRNAs who were retained by Defendants had been on maternity leave or were pregnant during the time period that Defendants decided to terminated Plaintiff's employment.

32. Plaintiff believes and therefore avers that she terminated because of her gender and/or her pregnancy.

33. Defendants' actions as aforesaid constitute unlawful discrimination under Title VII.

## Count II
### Violations of the Family and Medical Leave Act ("FMLA")
(Interference and Retaliation)
-Against Both Defendants-

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

36. Plaintiff requested leave from Defendants, her employers, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

37. Plaintiff had at least 1,250 hours of service with the Defendants prior to requesting and/or commencing FMLA leave.

38. Defendants are engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

39. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

40. Plaintiff commenced FMLA leave on or about March 6, 2020 for the birth of her child and intended to return to work following 12 weeks of medical leave.

41. Before Plaintiff could return to work, she was informed by Defendants' Human Resources department on April 15, 2020 (while still on FMLA leave) that she was being permanently laid off from her employment with Defendants.

42. Upon information and belief, Defendants did not use any neutral criteria in deciding which employees would be selected for permanent lay off.

43. It is believed and therefore averred that Defendants chose Plaintiff for termination because she had requested and/or was utilizing FMLA.

44. Defendants committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or utilizing FMLA-qualifying leave; (2) considering Plaintiff's FMLA needs/requests in making the decision to select her for permanent lay off; (3) terminating Plaintiff's employment to prevent her from further utilizing FMLA leave; and/or (4) terminating Plaintiff while she was still on FMLA leave.

45. These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive and liquidated damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: April 12, 2021